**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

LUIS C. SALINAS,

            Petitioner,

v.

GARY BOUGHTON,

            Respondent.

Case No. 17-CV-503-JPS

**ORDER**

On April 6, 2017, Petitioner Luis C. Salinas ("Salinas") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1). After proceeding to trial in Brown County Circuit Court, Salinas was convicted of multiple counts of child sexual assault and intimidating victims. *Id.* at 2. On May 14, 2012, he was sentenced to seventy years' imprisonment. *Id.* at 2.

Salinas appealed on the ground that, under Wisconsin law, the sexual assault charges should not have been tried together with those concerning victim intimidation. *Wisconsin v. Salinas*, 865 N.W.2d 884, 2015 WL 1781421, at *1 (Wis. Ct. App. Apr. 21, 2015); *see also* Wis. Stat. § 971.12. The Court of Appeals agreed with Salinas and reversed his convictions, ordering a new trial on each set of charges. *Id.* at *8. The state then appealed. The Wisconsin Supreme Court countermanded the Court of Appeals, finding that joinder of the charges for trial was not improper. *Wisconsin v. Salinas*, 879 N.W.2d 609, 624 (Wis. 2016). Salinas' convictions were thereby affirmed as of the date of that opinion, May 26, 2016. Salinas did not file a

petition for a writ of *certiorari* with the U.S. Supreme Court. (Docket #1 at 4).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining the timeliness of Salinas' petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Salinas' petition is timely. As noted above, Salinas' direct appeal concluded on May 26, 2016. He did not file a petition for certiorari to the United States Supreme Court. Because the petition in this

case was filed on April 6, 2017, it satisfies the time constraints of Section 2244(d).

The court continues its Rule 4 review by examining Salinas' petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional

claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Salinas presents a single ground for relief—that he was "denied Due Process and a fair trial when unrelated charges . . . were erroneously and prejudicially joined together at [the] time of trial." (Docket #1 at 6). Petitioner claims that not only did the joinder violate state law, but also his federal constitutional rights. *Id.* at 6-8. Unfortunately for Salinas, he never breathed a word about federal constitutional concerns to the Wisconsin courts.[1] All of his arguments there were directed at the application of Wisconsin's criminal joinder statute, Wis. Stat. § 971.12. *See Salinas*, 2015 WL 1781421, Appellant's Brief at 29-35 and Reply Brief at 2-9; *Salinas*, 879 N.W.2d 609, Response Brief at 16-37.[2] The decisions of the Wisconsin Court of Appeals and Supreme Court are likewise silent on any due process (or other federal) concerns. *Salinas*, 2015 WL 1781421 at *4-8; *Salinas*, 879 N.W.2d at 618-24.

---

[1] The only claim this Court could even theoretically hear is the federal one; Salinas' concern about improperly applied state law is not a matter for federal habeas review. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[W]e have repeatedly held that federal habeas corpus relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (quotations, citations, and alterations omitted).

[2] Salinas' briefs were not attached to his petition. They may nevertheless be retrieved by viewing the docket sheet for Wisconsin Court of Appeals case number 2013-AP-2686-CR at https://wscca.wicourts.gov.

Salinas has thus failed to exhaust his remedies in state court. Salinas did not give the Wisconsin courts a full and fair opportunity to pass on his federal claim. *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006). This action must, therefore, be dismissed "without prejudice so that the petitioner may return to state court in order to litigate the claim." *Perruquet*, 390 F.3d at 514.[3]

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Salinas must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether Salinas had exhausted his remedies in Wisconsin state court. As a consequence, the Court is compelled to deny a certificate of appealability as to Salinas' petition.

Finally, the Court closes with some information about the actions that Salinas may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry

---

[3]Salinas' failure to raise federal constitutional concerns in his initial appeal may place him in procedural default, *Perruquet*, 390 F.3d at 514-16, but that concern will be tabled until Salinas returns to this Court.

of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge